## W. W. GILKINSON *v.* STEAMBOAT SCOTLAND AND OWNERS.

A witness is properly excluded on account of interest, where he has a hope of gain, although it be uncertain whether any advantage can arise to him, even if the decision be favorable.

Where the owners of a steamboat acknowlege to have received into their custody property which they agreed to deliver to a particular house, and they failed to do this, but delivered it to another house, the burden of proof rests on them, to show that they made this delivery for the account of the shippers.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
*Durant & Hornor*, for plaintiff and appellant. *P. E. Bonford*, for defendants.

COLE, J. On the eighth of September, 1857, plaintiff shipped on board the steamboat Scotland, whereof *H. G. McComas* was master, then lying at New Orleans, and bound for St. Louis, sixty thousand feet of pine lumber, consigned unto *Holmes & Dukey*, or assigns, at St. Louis, at ten dollars per thousand feet for the freight thereof from the port of New Orleans to St. Louis.

There was judgment for defendants, and plaintiff has appealed.

It is the duty of defendants to explain what they did with the lumber, but they have not attempted to do this.

In their answer, they aver that the consignees of the lumber refused to receive the same, or to pay the freight due thereon; that defendants then placed it in the care of *A. Giraldin & Co.*, a commercial firm of St. Louis, with directions to dispose of it to the best advantage for the owner.

They have, however, failed to show that they put the lumber under the care of *Giraldin & Co.* for the benefit of plaintiff.

On the contrary, they objected to testimony which might have elucidated their action with that house.

Our view of this case renders it unnecessary to decide upon the admissibility of the testimony of *Moore*.

The testimony of *Sharpless* was also objected to by defendants, on the ground of interest, and was properly excluded.

He was to have a part of the profits that should be made by the sale of the lumber in St. Louis.

It is contended that he is a good witness, because it is clear that there will be no profits, even if the highest market price at St. Louis should be received by the plaintiff; but the hopes of the witness, that perhaps there would be a profit, might have influenced his mind, for until the suit be finally decided, it cannot well be known if any profit will result from the speculation, or not.

Independantly, however, of the evidence of *Sharpless*, the defendants must be held responsible. They acknowlege to have received the property of plaintiff, and to have agreed to carry it and deliver it to a particular house. They acknowlege not to have done this, but to have given the lumber to another house. The *onus probandi* was on them to prove that they did deliver it to this other house for the account of plaintiff; but they have entirely failed to make any such proof.

It is established by a witness, that a lot of pine lumber was sold at St. Louis for $28 per thousand, on four months credit, whilst defendants were there with

53

that of plaintiff, and that the purchaser said he would rather have given $30 for lumber like that of plaintiff.

The testimony indeed shows, that a panic existed at that time, and that the price of lumber had generally fallen; but every thing is to be presumed against the unfaithful agent, and it is reasonable to suppose that defendants could have got the same price as that which was obtained for lumber then on the wharf, which was considered by the purchaser as inferior to that of the plaintiff.

Sixty thousand feet at $28 per thousand is $1680. From this must be deducted $600 for the freight, at $10 per thousand feet.

There is no evidence as to the commissions and charges, except that of *Sharpless.* His testimony having been excluded, the right of action of defendant for the charges at St. Louis, such as commissions for selling the lumber, or wharfage, which the plaintiff would have been obliged to pay if the lumber had been sold for his account, must be reserved, if such right he has.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; that plaintiff recover *in solido* from the defendants one thousand and eighty dollars, with five per cent. interest thereon, from judicial demand; that the privilege of plaintiff be recognised for the amount of this judgment, upon the property sequestered in this suit, that it be seized and sold to satisfy this judgment; that the right of action of defendants for charges upon the lumber, such as commissions for selling it, or wharfage, be reserved against plaintiff, to be urged in another suit, if any such he has; and that defendants pay the costs of both courts.