A. A. LIBBY & others *vs.* E. A. INGALLS & another.

Suffolk.   Nov. 15, 1877. — June 28, 1878.   COLT & AMES, JJ., absent.

A. marked goods with B.'s name, and sent them by railroad to B., taking therefor a railroad receipt, in which, under the heading "marks and consignees," were written "B. order A." A. indorsed the receipt in blank, drew a draft on B. for the price, attached the draft to the receipt and forwarded both by an express company for collection. The railroad company delivered the goods to C., another common carrier, to transport to their destination, with a freight bill containing the words "Order A. Notify B.," and the express company gave the receipt with the draft attached to C. for collection. *Held*, that C., by delivering the goods to B. without the authority of A., and before the payment of the draft by B., was liable to A. for the conversion of the goods; and that the fact that the receipt and the draft were not received by C., until after he received the goods, was immaterial.

CONTRACT to recover the value of 33 barrels of beef, with a count in tort, for the conversion of the same, alleged to be for the same cause of action.

The case was submitted to the Superior Court, and, after judgment for the plaintiffs, for the full amount claimed, to this court, on appeal, on an agreed statement of facts in substance as follows:

The barrels of beef in question were delivered by the plaintiffs, doing business under the style of Libby, McNeill & Libby, at Chicago, Illinois, in the month of June, 1875, in different lots, from time to time, to the Lake Shore and Michigan Southern Railroad Company, to be by them and other railroad companies, associated together as the Red Line Transit Company, transported and forwarded to Lynn, Massachusetts, and were marked " C. H. Lowell·& Co., Lynn, Massachusetts."

At the time of shipment, receipts for each lot, of tenor similar to the following, were given by the receiving railroad company to the plaintiffs : " Red Line Transit Company, Chicago, June, 1875. Received, in apparent good order, from Libby, McNeill & Libby, to forward as consigned in the margin." In the margin, under " Marks and Consignees," appeared " C. H. Lowell & Co., Lynn, Mass.    Order Libby, McNeill & L.," and in the body of the receipt, under " Description of property," appeared " Bbls. dried beef."

The barrels of beef arrived in Boston, in due course of transportation, in different lots ; and, as received, were delivered to the defendants by the Boston and Albany Railroad Company to complete their ·transportation, and freight bills of the different lots were given to the defendants by the Boston and Albany Railroad Company, prior to the delivery of each lot of beef to them, containing the following instruction: " Order Libby, McN. & L.    Notify C. H. Lowell & Co., Lynn."

The receipts, given in Chicago, were indorsed by the plaintiffs in blank, attached to drafts drawn by the plaintiffs on C. H. Lowell & Co., payable to the order of the Adams Express Company, for the value of the several lots, and were given by the plaintiffs to the Adams Express Company at Chicago, by which from time to time they were indorsed and given to the defendants.

The defendants received the drafts for the various lots before they received the barrels, except in the case of two shipments of three barrels each.    In these instances the drafts were received on the day following the delivery to them of the barrels.

The drafts were not paid by Lowell & Co., nor were the indorsed receipts given to them ; but the barrels of beef were delivered by the defendants to Lowell & Co., without their pro-

ducing the indorsed bills of lading or receipts, or any order from the plaintiffs ; the unpaid drafts and indorsed receipts were returned by the defendants to the Adams Express Company.

The defendants were, at the time of the receipt of the goods, common carriers of goods and merchandise between Boston and Lynn, and received the goods as such.

Due demand for the return of the goods was made on the defendants after they had delivered the same to C. H. Lowell & Co., but before suit was brought.

Judgment was to be entered on these facts for the plaintiffs, for the amount of such lots as the defendants were liable for.

*G. S. Hale,* for the plaintiffs.

*J. D. Long,* for the defendants.

SOULE, J. The receipts of the Red Line Transit Company were the only evidences of contract or of title which the plaintiffs took from the carrier. These receipts named the plaintiffs as consignors and consignees. The freight bills delivered by the Boston and Albany Railroad Company to the defendants instructed them, in accordance with the contract shown by the receipts, to deliver the goods to the order of the plaintiffs. Till the defendants could deliver them to the plaintiffs, or some one showing authority from the plaintiffs to receive them, it was their duty to retain them and take all reasonable care of them. If they gave them up to any one not entitled to them, they became liable to the owners for their value. *National Bank of Green Bay* v. *Dearborn,* 115 Mass. 219. It is wholly immaterial, therefore, that they received a part of the goods before receiving the receipts and attached drafts for the price. The receipts with the attached drafts were plain instructions, when received, that the receipts, which were the evidence of title to the goods, were to be delivered only on payment of the drafts. *Newcomb* v. *Boston & Lowell Railroad,* 115 Mass. 230. Till they were received, and C. H. Lowell & Co. had bought the goods by paying the drafts, the defendants were not authorized to deliver the goods to any one. *Alderman* v. *Eastern Railroad,* 115 Mass. 233.

The defendants gave no heed to the instructions contained in the freight bills, but governed themselves entirely by the marks on the goods. The delivery to C. H. Lowell & Co. without au-

thority was a conversion of the goods, and the defendants are liable to the plaintiffs for the value of the whole..

*Judgment for the plaintiffs affirmed.*