Lukin v. Halderson.

---

## LUKIN v. HALDERSON.

[No. 3,123.  Filed May 18, 1900.]

BROKERS.—*Commission.*—*Complaint.*—A complaint by a real estate agent for commission, alleging that plaintiff had been employed by defendant to procure a person who would exchange other property for defendant's property, and that in pursuance of such employment he had procured such person, and the exchange of properties had thereby been effected, and that by reason of such employment and services defendant became indebted. etc., states a good cause of action. *pp. 646, 647.*

APPEAL AND ERROR.—*Refusal of Court to Submit Interrogatories to Jury.*—*When Not Error.*—It is not error for the court to refuse to submit to the jury interrogatories which call for facts not within the issues to be tried. *p. 647.*

EVIDENCE.—*Privileged Communication.*—*Notary Public.*—A communication to a person acting merely as a notary public is not privileged. *p. 647.*

From the Starke Circuit Court.  *Affirmed.*

*J. M. Fuller, C. C. Kelley* and *H. R. Robbins,* for appellant.

*H. A. Steis* and *M. M. Hathaway,* for appellee.

HENLEY, J.—Appellee began this action in the lower court to recover his commission for the sale of certain real estate and a stock of goods.   In his complaint it is averred that during the year 1897 appellant was the owner of a stock of merchandise, and also of a certain lot in the town of San Pierre, Indiana, on which lot there was situated a store building and residence property; that appellant, being desirous of selling and exchanging the said property, did, in the year of 1897, employ appellee as his agent to procure for him a purchaser for said property, or to procure for him a person who would exchange other property for appellant's property; that, in pursuance of such employment, appellee procured for appellant one Fred Zable, who was the owner of certain lands in Starke county, Indiana, and who did, on the 1st day of March, 1898, trade and exchange said lands, together with some personal property, to appellant for his stock of goods and his said lot, the mutual consideration of which was declared to be the sum of $10,000; that by reason of such employment and the services rendered thereunder, appellant became indebted to appellee in the sum of $500, and that such sum is a reasonable compensation for the services so performed by appellee; that the same is due and unpaid, and appellee, before the commencement of this action, demanded of appellant said sum, which the appellant refused to pay.   Appellant answered by general denial.   There was a trial by jury.   Verdict and judgment in favor of appellee in the sum of $500.   Appellant's motion for a new trial was overruled.

It is first argued by counsel for appellant that the complaint in this cause is insufficient.   The complaint was not tested by demurrer in the lower court, and the argument

is under a specification of the assignment of errors attacking the complaint for the first time on appeal. Aside from the fact that the complaint is questioned for the first time upon appeal, we think it states a cause of action. The case of *Mullen* v. *Bower*, 22 Ind. App. 294, is directly in point.

It is complained that the court erred in refusing to submit to the jury two interrogatories requested by appellant. We think the court very properly refused to submit these interrogatories to the jury. They called for facts which are not within the issues to be tried, and the evidence which would have been necessary to establish the answers would not have been admissible under the issues.

It is also assigned as error that the court erred in overruling appellant's motion for judgment on the special findings of facts returned by way of answers to interrogatories. There was a general verdict returned, and we find, upon a careful examination, no irreconcilable conflict between the general verdict and the special findings of fact.

It is next contended by counsel for appellant that the court erred in permitting one Simon Bybee to testify to a conversation alleged to have been had between himself and appellant, it being the contention of appellant's counsel that the facts show that, at the time of the alleged conversation, the witness, Bybee, was acting as the attorney for the appellant, and that the conversation, if it occurred at all, was a privileged communication. We think the facts disclosed by the record show that the witness, Bybee, was acting simply as a notary public, and that he was acting for both parties. Appellant paid Bybee for his services, but the mere payment would not change the relationship in which he acted.

The instruction given by the court to the jury, we think, fully and fairly covered the issues and the evidence applicable thereto, and there was no error in refusing to submit to the jury the instructions asked by appellant.

The other alleged errors of the court argued by appel-

lant's counsel in their brief are without merit. We have taken up the questions presented by counsel for appellant and passed upon them without regard to the defects pointed out in the record presented to this court. We find no error in the record. Judgment affirmed.