## THOMPSON, FELDE & COMPANY v. GREAT NORTHERN RAILWAY COMPANY AND ANOTHER. [1]

### February 14, 1919.

### No. 21,157.

**Conversion of shipment by carrier — demand before suit unnecessary.**

The owner shipped two carloads of potatoes from Barnesville, Minnesota, to Streator, Illinois, consigned to the order of himself with an indorsement on the bill of lading: "Notify Baker, Wignall & Co." At the request of this firm, but without the knowledge or consent of the owner and without production of the bill of lading, the carrier stopped the shipment at La Salle, Illinois, where this firm inspected the potatoes and refused to accept them. The potatoes were never transported to Streator and never delivered to the owner. Held:

(1) That the carrier is liable for the value of the potatoes.

(2) That a demand was not necessary to entitle the owner to bring an action in conversion, as the carrier was never in position to make delivery at the place of delivery.

[1] Reported in 170 N. W. 708.

Action in the municipal court of Minneapolis against Great Northern Railway Company and Chicago, Burlington & Quincy Railroad Company to recover $330 for the conversion of two carloads of potatoes. The facts are stated in the opinion. The case was submitted upon a stipulation of facts to Bardwell, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Barrows, Stewart & Metcalf,* for appellants.

*John P. Devaney* and *Theodore W. Thomson,* for respondent.

TAYLOR, C.

Plaintiff recovered judgment in the municipal court of the city of Minneapolis against defendants for the conversion of two carloads of potatoes and defendants appealed therefrom.

The case was submitted to the court upon a stipulated statement of facts, and defendants contend that these facts are not sufficient to charge them with a conversion of the property.

Plaintiff shipped the potatoes from Barnesville, Minnesota, to Streator, Illinois, consigned to the order of itself, under a bill of lading which required the surrender of the bill of lading properly indorsed before delivery of the property. The bill of lading bore the notations: "Notify Baker, Wignall & Co." "Allow inspection." Plaintiff had sold the potatoes to Baker, Wignall & Company under a contract, by which plaintiff was to send the bill of lading attached to a draft for the purchase price to a bank at Streator, Illinois, for delivery to the purchasers on payment of the draft. Plaintiff attached the bill of lading to the draft and sent them to the bank at Streator pursuant to the contract, but the draft was never paid, and the bill of lading was never delivered to Baker, Wignall & Company but was returned to plaintiff.

At the request of Baker, Wignall & Company, but without the knowledge or consent of plaintiff and without the production of the bill of lading, defendants stopped the potatoes at La Salle, Illinois, an intermediate station, where Baker, Wignall & Company inspected them and refused to accept them on the ground that they were in poor condition.

After Baker, Wignall & Company had refused to take the potatoes and pay for them at La Salle, defendants notified plaintiff of that fact, but plaintiff gave no directions concerning the disposition to be made of them and exercised no control over them thereafter. The potatoes were never transported to Streator, Illinois, and were never delivered to plaintiff.

Baker, Wignall & Company were neither the consignors, the consignees, nor the owners of the potatoes and defendant had no right to stop them at La Salle at the instance of that firm. Having stopped them at La Salle without the knowledge or consent of plaintiff and having failed to transport them to Streator or to deliver them to plaintiff either there or elsewhere, defendants are liable to plaintiff for the value of the potatoes. Southern Express Co. v. Dickson, 94 U. S. 549, 24 L. ed. 285.

Defendants base their main contention on the claim that plaintiff cannot maintain an action in conversion because it made no demand for the property.

The stipulation of facts shows that the shipment was made in 1910 and that the stipulation was made in 1916, six years later. It fails to show a demand but does show that defendants stopped the shipment at La Salle without plaintiff's knowledge or consent and never transported it to Streator and never delivered it to plaintiff either there or elsewhere. This made defendants liable as for a conversion of the property. Vanderbilt v. Ocean S. S. Co. 215 Fed. 886, 132 C.C.A. 226; Lake Shore & M. S. Ry. Co. v. W. H. McIntyre Co. 60 Ind. App. 191, 108 N. E. 978; R. W. Williamson & Co. v. Texas & P. Ry. Co. (Tex. Civ. App.) 138 S. W. 807.

In order to maintain an action in conversion a demand is necessary in the absence of other evidence of the conversion, but is not necessary if there be other evidence of the conversion, or if the facts show that the demand would have been fruitless. Brandenburg v. Northwestern Jobbers C. B. 128 Minn. 411, 151 N. W. 134, and cases cited therein. The potatoes were shipped more than five years before suit was brought. As they never reached Streator, defendants were never in a position to deliver them at the place of delivery and a demand was unnecessary.

Judgment affirmed.