OAKTOWN TELEPHONE COMPANY *v.* MILLER.

[No. 14,788. Filed March 25, 1935. Rehearing denied June 28, 1935. Transfer denied November 18, 1935.]

*Carl M. Gray,* for appellant.

*Shake & Kimmell,* for appellee.

Wood, J.—The appellee brought an action against the appellant by an amended complaint in one paragraph, to recover in *quantum meruit,* for services rendered and accepted by appellant at its special instance and request. To this complaint appellant filed an answer in three paragraphs. The first was a general denial. The second alleged that the services for which appellee sought recovery were rendered to another company and not to the appellant, and that appellee had been fully paid for the services so rendered by such other company. The third pleaded payment. Appellee filed a reply in general denial to appellant's second and third paragraphs of answer.

On these issues the cause was tried to a jury which

returned a verdict for appellee on which judgment was rendered in her favor. Appellant duly filed a motion for a new trial alleging sixty-eight causes therefor. This motion was overruled. Appellant appeals, assigning as error for reversal the overruling of this motion. The appellee has failed to file a brief.

Under such circumstances, it becomes the duty of this court to determine whether appellant has presented *prima facie* reversible error in its brief. *Bryant* v. *School Town, etc.* (1930), 202 Ind. 254, 171 N. E. 378, 173 N. E. 268.

All causes for a new trial are waived by appellant, because of failure to discuss them in its brief, except Nos. 17, 18, 21, 22, 23, 24, 25, 26, 58, and 67. We will dispose of them in their order.

Causes for a new trial designated Nos. 17, 18, 21, 22, and 23, are directed to alleged errors committed by the court in refusing to give to the jury instructions Nos. 2, 3, 6, 7, and 8, tendered by appellant.

It is not necessary to set out these instructions or their substance, they are somewhat lengthy and involved. We have carefully examined all of them, together with all instructions given by the court on its own motion. The court did not commit error in refusing to give the instructions in question. The instructions given by the court on its own motion fully and completely set out and explained the issues in the case, and the rules of law applicable to every feature thereof were clearly and concisely stated in a manner capable of comprehension by any ordinary person. *Ramseyer* v. *Dennis* (1918), 187 Ind. 420, 116 N. E. 417; *Indianapolis, etc., Co.* v. *Emmerson* (1912), 52 Ind. App. 403, 98 N. E. 895; *Smith* v. *Graves* (1914), 59 Ind. App. 55, 108 N. E. 168; *Lake Shore, etc.* v. *McIntyre* (1915), 60 Ind. App. 191, 108 N. E. 978.

Those causes for a new trial designated as Nos. 24 and 25 are directed to alleged errors of the trial court in refusing to submit to the jury for its answer a special interrogatory asking the jury to state what was a reasonable salary or wage per month for keeping the books of the Midwest Telephone and Utilities Company, Incorporated, formerly the Pike County Telephone Company, the Oaktown Telephone Company, the Bruceville Telephone Company, and the Freelandville Telephone Company, from the time the Midwest Telephone and Utilities Company, Incorporated, assumed the management of said properties down to October 31, 1930. The court properly refused to submit this interrogatory to the jury. It called for a fact which was not within the issues involved in this particular case, and evidence which would have been necessary to establish the answer thereto would not have been admissible under the issues. The facts sought to be elicited by special interrogatories must be such as are material to some essential issue in the case, in the sense that they call for particular facts which would be inconsistent with the general verdict or which would serve as a valuable test of the correctness of such verdict. Furthermore the submission of interrogatories to the jury is within the sound discretion of the trial court, and it is only when the discretion has been abused that this court will interfere with that court's action. *Luken* v. *Halderson* (1899), 24 Ind. App. 645, 57 N. E. 254; *Fort Wayne. Cooperage Co.* v. *Page* (1908), 170 Ind. 585, 84 N. E. 145; *Citizens Telephone Co.* v. *Prickett* (1919), 189 Ind. 141, 125 N. E. 193.

In cause for a new trial designated as No. 26, appellant complains of the refusal of the court to permit a witness called to testify for and on behalf of appellant to answer a question concerning a shortage of funds in the appellant's accounts, alleged

to have been discovered by the witness upon an audit of its financial records. This was not error; there was no such issue before the court and jury for its determination.

In cause for a new trial designated as No. 58, appellant complains of the action of the court in permitting the appellee to introduce and read in evidence to ■ the jury a certified copy of its annual report containing a statement of its income account and expenses from April, 1928, to December 31, 1928, and for the years 1929 and 1930, designated as Plaintiff's Exhibit A, over appellant's objection, that it did not prove or tend to prove or disprove any issues involved and was wholly irrelevant and immaterial. Sec. 54-207, Burns 1933, Sec. 13919, Baldwin's Ind. St. 1934, Acts 1913, p. 167, requires every public utility to keep and render to the public service commission of this state, in manner and form prescribed by the commission, uniform accounts of all business transactions. Sec. 54-213, Burns 1933, Sec. 13924, Baldwin's Ind. St. 1934, Acts 1913, p. 167, requires public utility companies to close their accounts annually upon December 31 of each year, promptly taking a balance sheet therefrom, have it verified by an officer of the public utility and filed with the commission on or before the tenth day of the following March. The annual reports composing "Plaintiff's Exhibit A" were undoubtedly filed with the public service commission in compliance with the foregoing sections of the "Public Service Commission Act." In the absence of any showing to the contrary, we assume that the officers of the appellant made a true and honest report of its income and expenditures. Among the items of expense reported as having been paid out by appellant during the period of time covered by each report was one for salary of officers. We think it was proper for these reports to be admitted as an item of

evidence, for consideration by the jury, in determining whether or not appellee had been paid for her services as asserted by appellant. *Ohlwine* v. *Pfaffman* (1912), 52 Ind. App. 357, 100 N. E. 777.

As the 67th cause for a new trial, appellant says that the verdict of the jury is not sustained by sufficient evidence. This contention is without merit. The evidence was conflicting, there is evidence supporting the verdict of the jury. Under the state of the record we cannot disturb the verdict of the jury for insufficiency of evidence to sustain it. Appellant having failed to present *prima facie* reversible error, the judgment is affirmed.

Bridwell, J., not participating.

Kime, J., dissents.