## EVA KAIU *v.* HARU TASAKA.

## No. 2209.

SUBMITTED JUNE 17, 1935.          DECIDED JULY 26, 1935.

COKE, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY COKE, C. J.

The plaintiff, defendant in error, Eva Kaiu, instituted an action of ejectment in the circuit court of the first judicial circuit against Haru Tasaka, the defendant, plaintiff in error. Plaintiff sought to recover a tract of land situated at Kainapuaa, Kapalama, Honolulu, district of Honolulu, described in Royal Patent 401, L. C. A. 8305, to P. Kanoa, containing an area of 1510 square feet and also to recover a three-foot right of way across a portion of the Royal Patent 401. It is alleged that the right of way contains 414 square feet. A description by metes and bounds of both properties is set forth in plaintiff's declaration. The case was tried by the circuit judge without a jury. At the conclusion of the hearing the trial judge

rendered judgment reciting therein "that as between the parties in the above-entitled matter, defendant Haru Tasaka is the owner in fee and has title to all of that property described in the complaint herein, * * * containing an area of 1510 square feet, subject, however, to an easement over said property in favor of plaintiff, said easement being a right of way hereinafter described * * * containing an area of 414 square feet." The defendant has brought the case to this court on a writ of error, specifying a number of errors which are relied upon by her.

After the cause reached this court and the defendant's counsel had filed his opening brief, counsel for plaintiff withdrew from the cause and the plaintiff thereupon appeared in person before this court and expressed her desire to take no further part in the proceedings. The case therefore is presented to us upon the record and the opening brief of plaintiff in error. Under these circumstances it becomes the duty of this court to determine whether plaintiff in error has presented *prima facie* reversible error in her brief. (See *Bryant* v. *School Town of Oakland City,* 171 N. E. 378; *Oaktown Telephone Co.* v. *Miller,* 194 N. E. 741.)

At the trial of the cause after plaintiff had introduced her evidence and had rested the defendant moved for a judgment of nonsuit based upon a variety of reasons. It will be necessary to consider but one of the grounds of the motion, namely, that the plaintiff failed to prove any right or title to either the lot or the easement referred to in her declaration. No evidence was introduced at the trial either prior to or after the motion which, upon any theory of the law, could support a judgment in favor of plaintiff as to either of her causes of action. There is no evidence in the record proving or tending to prove that plaintiff is or ever was the owner or in possession of the tract of land described as containing 1510 square feet. There is some

evidence to the effect that in 1920 a Mrs. Koolau Maile, the then owner of the property, signed and acknowledged a deed of an undefined portion of the property described in Royal Patent 401 to one Solomon Kelama but this deed was not recorded nor was the same ever delivered to the grantee therein named. Even had this deed become effective no evidence was introduced tending to identify the premises involved in this case as being the same property described in the deed executed by Mrs. Maile. In May, 1932, Solomon Kelama executed a deed transferring his right, title and interest in the property to plaintiff. But it is clear that Solomon Kelama having no title could convey none to the plaintiff. The plaintiff's case in connection with her claim to an easement or right of way is equally unsubstantial. It is obvious that if any easement existed it was appurtenant to the dominant estate, namely, the tract of land to which plaintiff utterly failed to establish title but even had plaintiff proved ownership to the land she could not vindicate her right to the appurtenant easement as against the owner of the servient estate through the medium of an action in ejectment. One of the essential elements of an easement is that it is incorporeal, and as clearly pointed out by the supreme court of Illinois "an easement, which is but a mere intangible right or license appurtenant to land, and does not include the right to the possession of the land, cannot be the subject matter of an action of ejectment, for the reason there is nothing tangible on which the writ of restitution could operate." *Village of Lee* v. *Harris*, 206 Ill. 428, 434. (See also 9 R. C. L. 819.) What is sometimes termed an easement in gross, that is, a personal right not appurtenant to other premises, is not involved in this cause. The court should have granted defendant's motion for a nonsuit.

Following the precedent in *Hayselden* v. *Lincoln*, 24

Haw. 169, the cause is remanded with instructions to the circuit court to set aside the judgment appealed from and to grant defendant's (plaintiff in error's) motion for a nonsuit.

*C. M. Hite* for plaintiff in error.