## BRUNSWICK & Co. v. THE U. S. EXPRESS Co.

1. **Common Carrier:** DELIVERY TO REAL OWNER. A common carrier may excuse a failure to deliver goods to the consignee, pursuant to a bill of lading, by showing that he has in fact delivered them to the real owner.

2. ———: ———: PRINCIPAL AND AGENT. But one who falsely represents himself to be the agent of another, for whom he proposes to buy, and thus obtains the vendor's assent to a sale, is not entitled to receive goods billed to his alleged principal.

3. ———: ———: ———. Even though the consignor may have recognized the agent in making the sale, yet there being, in fact, no sale, the carrier would not be excused for delivering the goods to the pretended agent.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 17.

PLAINTIFFS are dealers in billiard goods in the city of Chicago. One Lockwood was their agent in making sales. He went to a saloon in Des Moines occupied by one Haskell. The saloon was leased by G. W. Savery to Haskell. Lockwood offered to sell some goods, and Haskell stated to him that Savery wanted to buy some things, and that he would see Savery about it. Lockwood called again, and Haskell said he had seen Savery, and that Savery wanted some goods. He then gave an order for a bill of goods. Lockwood, knowing that Haskell was worthless, and that Savery was good for anything he ordered, directed plaintiffs, his principals, to ship the goods to Savery. Plaintiffs shipped the goods by the defendant express company, marked "G. W. Savery."

When the goods arrived at Des Moines defendant's delivery · clerk took them to the Savery House, and some one there— but not G. W. Savery—told him to go over to the billiard saloon with them. He went there, and found Haskell, and asked him if he knew anything about it. He answered that the goods were his, and should have been so marked; that they ought not to have been marked Savery, and said, "Leave the goods here; I demand them; they are mine; I will pay the charges." He paid the express charges, and receipted for them in these words: "G. W. Savery, per Haskell," and the clerk delivered the goods to him.

Savery did not authorize Haskell to send for goods or receive them. He did not know they had been ordered. He was not bound by his lease to Haskell to furnish any billiard material. The first he knew of the matter, a draft for the price of the goods was sent him for acceptance, which he refused. The goods have not been paid for by any one.

This action was brought against the express company and Savery before a justice of the peace, to recover the value of the goods.

A judgment was rendered against the express company alone. Savery recovered judgment against plaintiffs for costs.

The express company appealed, and upon a trial in the Circuit Court a judgment was rendered against plaintiffs for costs. Plaintiffs appeal.

*Clark & Conner*, for appellants.

*Wright, Gatch & Wright*, for appellee.

ROTHROCK, J.—I. The evidence establishes the foregoing facts without conflict. There is no disputed fact in the case.

1. COMMON carrier: delivery to real owner. We are to determine whether, under these facts, the express company is liable to plaintiffs for the value of the goods. The defendant, as a common carrier, was bound to safely carry and deliver the goods according to its undertaking. The contract between plaintiffs and the express company was that the delivery was to be made to G. W. Savery. The facts are that there was no delivery to

Savery in person, but a delivery to Haskell. It is urged by appellee that the delivery to Haskell was justified, because he was the owner of the goods. If it be true that he was the owner, the position is well taken.

A common carrier may excuse a non-delivery, pursuant to the bill of lading, by delivering the goods upon demand to the real owner.

" When the bailee has actually delivered the property to the true owner, having the right to the possession, on his demand, it is a sufficient defense against the claim of the bailor in an action for the commission against the bailee." *Steamboat Idaho*, 3 Otto, 575.

But we do not think that Haskell was in any sense the 2. ——: ——: owner of the goods. Plaintiffs did not contract principal and agent. with him to sell the goods to him. The plaintiffs' agent never assented to a sale to Haskell.

" When a person falsely represents himself as agent for another for whom he proposes to buy, and thus obtains the vendor's assent to a sale, and even a delivery of the goods, the whole contract is void; it has never come into existence, for the vendor never assented to sell to the person thus deceiving him." Benjamin on Sales, Sec. 60.

In the absence of a ratification by Savery of Haskell's pretended agency, there was no sale to any one. The ownership of the goods remained in plaintiffs.

II. It is next urged that appellees are not liable, because Lockwood contracted with Savery through Haskell, his agent, 3 ——: ——: to deliver the goods at a room where Haskell was —— in charge, to be used in and about a business which he was carrying on for Savery, and that the goods were delivered and were receipted for by the agent.

·It is true, the plaintiffs treated Haskell as agent. But they did not represent to the express company that he was agent. The company acted upon no such representation. Upon the contrary, the goods were shipped to Savery, and were delivered to Haskell upon his demand that they were his property and should have been shipped to him.

III. Lastly, it is urged that the court below may have

found from the evidence that Haskell was the authorized agent of Savery, and that a delivery to Haskell was a delivery to Savery. We do not think there is anything in the evidence to warrant such a finding. A judgment in favor of plaintiffs and against Savery for the value of the goods, based upon Haskell's alleged agency, we think would find no support from the evidence in this case.

In our opinion, there was in fact no sale of the goods to any one. It was the duty of the express company to deliver to Savery, the consignee. This would have been a strict compliance with its undertaking. If Savery refused to receive them, they should have been held or properly deposited, subject to plaintiffs' order.

The principles here announced find support in *Price v. Oswego R. Co.*, 50 N. Y., 213.

REVERSED.