THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* WRIGHT.

[No. 3,217. Filed November 22, 1900.]

CONVERSION.—*Pleading.*—*Evidence.*—In an action against a railroad company for the conversion of property delivered to it for transportation, the company may, under a general denial, show that the property was taken from its possession by writ of replevin issued in an action instituted by a third person. *pp. 526, 527.*

SAME.—*Common Carrier.*—*Warehousemen.*—Where a railroad company voluntarily delivers goods to the wrong person, such company is liable for conversion, either as common carrier or warehouseman, without regard to the question of negligence. *p. 528.*

From the Delaware Circuit Court. *Affirmed.*

*J. W. Ryan* and *W. A. Thompson,* for appellant.

*W. W. Orr, F. H. Stradling* and *O. T. Sharp,* for appellee.

BLACK, J.—This was an action commenced in the court below on the 16th of January, 1896, by the appellee against the appellant. The original complaint is not in the record. It was superseded by an amended complaint filed on the 19th of September, 1898.

On the 5th of March, 1896, the appellant filed its petition verified by the affidavit of James L. Simmons, asking that one Louisa J. Martin be substituted as defendant instead of the appellant. On the 12th of March, 1896, the court, as appears from the entry made, "having seen and examined said petition of the defendant herein and the affidavit in support of the same, and having heard the evidence in support of said petition, finds for the defendant on said petition; and the court being fully advised in the premises, now sustains said motion and orders that said Louisa J. Martin be, and she is now, made a party hereto and to this case," and she was ordered to file an aswer; "and the court declined and refused to discharge the defendant herein, to which ruling of the court in refusing to discharge the defendant at the time objected and excepted." This refusal to discharge the appellant is assigned as error.

The amended complaint, filed more than two and one-half years later, consisted of two paragraphs. In the title and in the first paragraph no mention was made of Louisa J. Martin, or any party other than the appellee and the appellant. At the close of the second paragraph it was said: "And Louisa J. Martin is now made a defendant to this action by order of the court in this cause, and is required to show cause why plaintiff should not recover judgment as herein prayed." Otherwise the relief demanded in each paragraph was asked for against the appellant alone.

Not only are we without any proper information as to the contents of the complaint, as it was when the application

to make Louisa J. Martin a defendant and to discharge the appellant was heard and determined, but also we are not informed as to the evidence on which the court acted. No attempt appears to have been made to put into the record the evidence introduced at this hearing in support of the petition or against it. We have not sufficient knowledge of the foundation of the court's conclusions to authorize us to hold that there was error in the refusal to discharge the appellant.

The appellee by his amended complaint sought the recovery of damages for the wrongful conversion to its own use by the appellant of a pair of "bike" wheels and steel shields delivered to the railroad company at Tiffin, Ohio, to be carried and delivered to the appellee at Muncie, Indiana.

The appellant answered in two paragraphs, the first being the general denial. A demurrer to the second paragraph was sustained. In the second paragraph the appellant admitted that it received and had in its possession the pair of bike wheels mentioned in the complaint, the property of the appellee, and transported them from Tiffin to Muncie, and alleged that while they were in its possession, on the 9th of January, 1896, and before the commencement of this action, they were taken from the appellant and delivered to Louisa J. Martin, under a writ of replevin issued in an action of replevin instituted by her against the appellant before a justice of the peace, the answer setting forth the facts in detail.

We need not set out the answer at length, for if it showed a sufficient excuse for the failure to deliver the goods to the appellee by reason of a justifiable delivery to a third person under valid legal process, its material facts, being inconsistent with the charge of wrongful conversion in the complaint, were admissible in evidence under the general denial also pleaded.

It is true that evidence of a demand and failure to deliver would tend to prove a conversion, and, if unexplained,

it would authorize a finding of conversion. But under the general denial the appellant might explain and justify its failure by showing a good excuse therefor, and might thereby repel the inference of a wrongful conversion. *Ontario Bank* v. *Steamboat Co.,* 59 N. Y. 510; *Gerard* v. *Jones,* 78 Ind. 378; *Ford* v. *Griffin,* 100 Ind. 85; *Swope* v. *Paul,* 4 Ind. App. 463.

The appellant's motion for a new trial was overruled. The only assigned ground for a new trial suggested in argument is that the verdict was contrary to law. Reference is made in argument to the well established distinction between the liability of a common carrier as an insurer and the liability of a warehouseman for negligence.

The complaint contained two paragraphs, in one of which an agreement to carry and safely deliver to the appellee was alleged, while in the other there was no averment of an agreement. In each it was alleged that the appellant failed and refused to deliver the goods to the appellee and wrongfully converted them to its own use.

If after the goods were transported and stored, and while the appellant had toward them the relation of a warehouseman, they were delivered by the appellant to a wrong person through the appellant's negligence, it might be required to respond in damages as for a conversion to the owner who had delivered the goods for transportation to himself, either under or without special contract. Indeed, for such delivery to a wrong person, not upon compulsion by legal process, but voluntarily, though through mistake, either a common carrier or a warehouseman would be responsible as for conversion, without regard to any question of negligence. See *Merchants Despatch, etc., Co.* v. *Merriam,* 111 Ind. 5; *American Ex. Co.* v. *Stack,* 29 Ind. 27; Lawson on Bailments, §§16, 22.

It scarcely need be said that the rule that a voluntary or permissive misdelivery renders the bailee liable as for con-

version does not apply where the property has been taken from the bailee by due process of law.

No reversible error has been properly indicated to us by the appellant. Judgment affirmed.