Argued December 1, decided December 24, 1912, rehearing
denied April 1, 1913.

## PACIFIC AVIATION CO. v. WELLS, FARGO & CO.*

(128 Pac. 438.)

**Bailment—Common-Law Liens—Charges.**

1. One to whom personal property is brought for repairs
has a common-law lien for the value of his labor and material
entering into the repairs.

**Bailment—Waiver.**

2. One does not waive his common-law lien for repairs on
an engine by delivering the engine to an express company to
carry to the owner; such company being the shipper's agent.

**Carriers—Freight—Delivery — Conditions — Fraudulent Bill of
Lading.**

3. One having a common-law lien on an engine for repairs
gave it to a drayman to take to the station, and ship by express to
the owner C. O. D.   While it was on the carrier's platform,
where the drayman had put it, and in his temporary absence, the
owner's agent fraudulently represented himself to the carrier's
agent to be the shipper, and procured from him a bill of lading.
Held, that this was void, and did not deprive the real shipper, or
his agent, the carrier, of right to demand payment of the lien,
as a condition to delivery.

**Carriers—Freight—C. O. D. Shipment—Delivery.**

4. One agreeing that goods shipped to him on which an
understood charge is made, shall be shipped C. O. D., in effect
agrees that he will pay such charge, and that the shipper or
his agent, the carrier, may hold possession till it is paid; so that
he may not have possession without paying it.

---

* On the question to whom delivery may be made under bill of lading,
see note in 38 L. R. A. 358.    REPORTER.

From Multnomah: JOHN P. KAVANAUGH, Judge.

This is an action by the Pacific Aviation Company
against Wells, Fargo & Company, to recover the posses-
sion of an aeroplane engine.  The court found in favor
of the Express Company and from the judgment
rendered, plaintiff appeals.    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Davis & Farrell* and *Mr. Wilber Henderson,* with an oral argument by *Mr. Henderson.*

For respondent there was a brief over the names of *Messrs. Snow & McCamant* and *Mr. George B. Guthrie,* with an oral argument by *Mr. Wallace McCamant.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

From the evidence before us we find the following facts: That the Pacific Aviation Company purchased an engine, manufactured by the Hall-Scott Motor Car Company, of West Berkeley, California, from the Pacific Motor Car & Aviation Company, of Los Angeles, the latter company having previously purchased it from the Hall-Scott Company and having brought it to Portland, Oregon; that the crank shaft of the engine, either through faulty construction or some other cause, broke, and injured other parts of the engine; that the condition of plaintiff's contracts was such that speedy repairs were necessary, and E. W. Manning, the agent of plaintiff, took the engine to the Hall-Scott Company to have the repairs made; that the engine was taken into the shops of the Hall-Scott Company, extra workmen were put on the job, and the necessary repairs completed, for which the Hall-Scott Company made a charge of $700; that before the engine left the shops, and while it was still in the possession of the Hall-Scott Company, plaintiff's agent made the claim that the Pacific Motor Car & Aviation Company were acting as agents of the Hall-Scott Company when they sold the engine, and that, the accident having happened by reason of a defect in the materials used in the construction of the crank shaft, the Hall-Scott Company should replace the broken parts without charge, which contention was disputed by the Hall-Scott Company, but was finally compromised by the company agreeing to reduce the charge to $442.70; that

the plaintiff's agent, not having the money to pay this sum, agreed that the Hall-Scott Company should ship the engine by Wells, Fargo & Co. express to Portland C. O. D., and that payment should be made at that end of the line; that the Hall-Scott Company then called a drayman, and instructed him to take the engine to the station and ship it by Wells, Fargo & Co. express to Portland C. O. D.; that the plaintiff's agent accompanied the drayman to the station, where the engine was unloaded, and during the temporary absence of the drayman fraudulently assumed to be the shipper, and procured from the express company's agent a bill of lading consigning the engine to H. H. Manning, Portland, Oregon, with himself as shipper; that shortly after the drayman returned and explained the matter to the agent, and demanded that the agent place a C. O. D. tag on the engine, and enter the name of Hall-Scott Company as shipper, which was done, and a letter was written to the Portland agent, directing him to collect $442.70 before delivering the engine; that the Aviation Company refused to pay the $442.70 demanded by the defendant's agent in Portland, and upon his refusal to deliver the engine without such payment plaintiff brought this action.

1, 2. The Hall-Scott Company had a common-law lien for the value of its labor and material. Jones, Liens, Section 14. This lien was not waived by delivery of the engine to the express company, as such company was the agent of the shipper. *Jaquith* v. *American Express Co.*, 60 N. H. 61; *Caldwell* v. *Lawrence*, 10 Wis. 331.

3. The fact that Manning falsely pretended to be the shipper, and procured the engine to be shipped in his name, did not divest the possession of the engine from the Hall-Scott Company. The evidence shows that the machine was on the platform, and that Manning never moved it, or in any way handled or took possession of it. It was precisely where the employee of the Hall-Scott

Company left it, and Manning could not acquire possession by making a false claim of ownership. The bill of lading obtained by Manning through his fraudulent representations was void, and gave him no right to demand the property. It was the duty of the defendant, upon ascertaining the facts, to hold the engine subject to the instructions of the actual shipper. *Brunswick & Co.* v. *U. S. Express Co.,* 46 Iowa, 677; *Bliven & Mead* v. *Hudson River R. R. Co.,* 36 N. Y. 403.

4. In addition to what has been said, we are satisfied from the testimony that the Hall-Scott Company and plaintiff's agent agreed upon the sum of $442.70 as a compromise of the original sum of $700; that plaintiff's agent agreed that the company might ship the engine to Portland; and that the sum agreed upon should be paid as a condition precedent to the delivery of the goods. Manning admits that he agreed that the engine should be shipped to Portland C. O. D., but says that he intended to replevin it when it arrived there. His whole testimony and conduct indicate anything but an intent to act honestly in the transaction.

When one agrees that goods shipped to him, and upon which an understood charge is made, shall be shipped C. O. D., he, in effect, agrees that he will pay such charge, and that the shipper or his agent, the carrier, may hold possession until it is paid. This was practically the plaintiff's contract here, so that the Hall-Scott Company was not only entitled to hold the property by virtue of its common-law lien, but by the agreement of the parties as well, and the express company as its authorized agent, of course, had the same right. Whether the common-law lien was waived by the agreement last referred to would seem to be a purely academic question, as the Hall-Scott Company was entitled to the possession of the engine under either view of the facts.

The judgment is affirmed.                    AFFIRMED.