## SOUTHERN EXPRESS COMPANY *v.* SMITH.

[No. 9,673.    Filed March 13, 1919.]

1.  APPEAL.—*Assignment of Error.—Sufficiency of Complaint.*—No question is presented for consideration on appeal by an assignment of error that the complaint does not state facts sufficient to con-stitute a cause of action.  p. 577.

2.  CARRIERS.—*Carriage of Goods.—Failure to Deliver to Consignee.—Conversion.—Liability.*—Where an employe purchased his em-ployer's business and then ordered goods from plaintiff and directed that they be shipped to his former employer, and plain-tiff, who did not know that the employer had sold his business to the employe, turned over to defendant express company the goods consigned as directed, the delivery of the goods by defendant to the former employe amounted to a conversion, and plaintiff could maintain an action for breach of contract or for conversion. p. 579.

3. CARRIERS.—*Carriage of Goods.—Action for Conversion.—Contract Limiting Liability.*—Where defendant express company delivered goods to one to whom they were not consigned, it abrogated its shipping contract by its conversion of the property consigned, so that where plaintiff elected to sue for conversion, defendant could not have the benefit of provisions in its contract requiring any claim to be presented within ninety days, and action to be brought within one year. p. 579.

From Floyd Circuit Court; *John M. Paris,* Judge.

Action by Herbert Smith against the Southern Express Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Jewett, Bulleit & Jewett* and *R. C. Alston,* for appellant.

*Stotsenburg & Weathers,* for appellee.

REMY, J.—On October 1, 1913, and for several months immediately prior thereto, one W. H. Hardesty, under the name of "W. H. Hardesty & Co.," did a general produce business in the city of New Albany, Indiana, during all of which time he had in his employ a man by the name of Nance. On October 1, 1913, Hardesty sold his business to Nance, at which time a circular letter was issued announcing the sale. Thereafter the business was continued at the same storeroom as the "Nance Poultry Company," but the sign "W. H. Hardesty & Co." over the door was not changed. During all of the time Hardesty was in business in New Albany, as aforesaid, and during all of the time Nance conducted the business after the sale to him by Hardesty, appellee was conducting a similar business at the town of Birdseye, about fifty miles west in the State of Indiana. On November 3, 1913, Nance, while operating the place of business he had so purchased, called appellee over the telephone,

and in the name of Hardesty & Co., ordered from appellee ten cases of eggs, and directed that they be shipped to Hardesty & Co. at New Albany. Previously to October 1, 1913, appellee had done business with Nance as the agent of Hardesty, and had not been advised of the sale of the business by Hardesty to Nance. The eggs sold by appellee on November 3 were marked "Hardesty & Co." on each case, and were turned over to appellant express company to be transported to Hardesty & Co. at New Albany, but were by said express company taken to the said storeroom in New Albany and delivered to Nance. By reason of the delivery to Nance, the eggs were lost to appellee; and after more than a year had elapsed from the time of the loss, without demand or previous notice, appellee commenced this action against appellant charging conversion because of misdelivery. Appellant filed an answer setting up that the shipping receipt issued to appellee by appellant company at the time it receipted for the goods for shipment contained a provision that, in the event of loss, the express company would not be liable unless claim for the loss, damage, or detention was presented in writing within ninety days from the date of loss, and the further provision that any action to recover for loss, damage or detention must be brought within one year thereafter; the answer further stating that no claim had been presented within ninety days, and that the action had not been brought within the year. To appellant's answer appellee replied, admitting the special provisions of the contract, but alleged that, after the eggs were accepted by appellant company to be carried and delivered to Hardesty & Co., appellant failed, refused and neglected so to carry and

deliver the goods, but on the contrary, without appellee's knowledge or consent, delivered the same to Nance.

The cause was tried by a jury, resulting in a verdict and judgment for appellee for the value of the eggs.

Errors assigned in this court are: (1) The 1. complaint does not state facts sufficient to constitute a cause of action; and (2) the court erred in overruling a motion for a new trial. The first assigned error presents no question for our consideration. *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878. The alleged errors properly presented are predicated on the action of the court in giving certain instructions tendered by appellee, in refusing to give instruction No. 3 tendered by appellant, and in overruling appellant's motion for a new trial for insufficiency of the evidence. Inasmuch as the same questions are involved in each of said reasons assigned, we shall consider them together.

It appears from the evidence and the answers of the jury to interrogatories returned with the general verdict that the order for the goods alleged to have been lost by the wrongful acts of appellant was placed with appellee by telephone, and that Nance, to procure the goods, ordered the same in the name of Hardesty & Co., to whom they were consigned. It was not known to appellee at the time that Hardesty had sold his business, and Nance did not reveal that fact. The goods were by the carrier delivered to Nance, and, not being paid for, were lost to appellee. The chief complaint of appellant is that the court erred in instructing the jury that appellee was not precluded from recovery by reason of the fact that he had not within ninety days after loss filed his claim with

appellant company, and had not commenced his action within the year, as stipulated in the shipping contract.

The business interests of the country, as well as the rights of the consignor under his contract, demand that a carrier of goods be held to a strict accountability; and no obligation of the law as applied to carriers is more rigorously enforced than that which requires property transported to be delivered to the right person. It has been repeatedly held by the courts that, if delivery be to a wrong person, either by innocent mistake, or through fraud of third persons, the carrier will be liable. *American Express Co.* v. *Fletcher* (1865), 25 Ind. 492; *Pacific Express Co.* v. *Shearer* (1896), 160 Ill. 215, 43 N. E. 816, 37 L. R. A. 177, 52 Am. St. 324; *Winslow* v. *Vermont, etc., R. Co.* (1870), 42 Vt. 700, 1 Am. Rep. 365; *Brunswick & Co.* v. *U. S. Express Co.* (1877), 46 Iowa 677; *Sword* v. *Young* (1890), 89 Tenn. 126, 14 S. W. 481, 604; *Wernwag* v. *Railroad Co.* (1887), 117 Pa. St. 46, 11 Atl. 868. The court in its opinion in *Pacific Express Co.* v. *Shearer, supra,* said: " 'No circumstance of fraud, imposition or mistake will excuse the common carrier from responsibility for a delivery to the wrong person. The law exacts of him absolute certainty that the person to whom the delivery is made is the party rightfully entitled to the goods, and puts upon him the entire risk of mistakes in this respect, no matter from what cause occasioned, however justifiable the delivery may seem to have been or however satisfactory the circumstances or proof of identity may have been to his mind,    *    *    *.' "

Not only is it the law that a carrier must at its peril deliver goods it contracts to carry to the right person,

but, according to the weight of authority, a
2.    misdelivery amounts to a conversion. *Cleve-
land, etc., R. Co.* v. *Wright* (1900), 25 Ind. App.
525, 58 N. E. 559; *American Express Co.* v. *Stack*
(1867), 29 Ind. 27; *Chicago, etc., R. Co.* v. *Fifth Nat.
Bank* (1901), 26 Ind. App. 600, 59 N. E. 43; *Libby* v.
*Ingalls* (1878), 124 Mass. 503; 1 Hutchinson, Carriers
(3d ed.) §177. Under the undisputed facts in this
case, as shown by the evidence, the misdelivery of
the goods consigned was a conversion thereof.

There being a conversion of the goods by appellant
company, the consignor had his election of remedies.
He could maintain an action for damages for
3.    breach of contract, or he could sue for the con-
version. *Erie R. Co.* v. *Steinberg* (1916), 94
Ohio St. 189, 113 N. E. 814, L. R. A. 1917B 787, Ann.
Cas. 1917E 661. Appellee elected to sue in tort. Such
an action is not for loss or damage to the property,
but an action for conversion thereof. By its conver-
sion of the property consigned, the appellant carrier
abandoned its contract of carriage. It could not
abandon the contract and hold appellee to its terms.
The shipping contract having been abrogated by its
wrongful conduct, appellant could not, in an action
for conversion, have the benefit of the provision in
such contract for its protection. *Cleveland, etc., R.
Co.* v. *Wright, supra; Cleveland, etc., R. Co.* v. *Potts
& Co.* (1904), 33 Ind. App. 564, 71 N. E. 685; *Balti-
more, etc., R. Co.* v. *McWhinney* (1871), 36 Ind. 436;
*Merchants', etc., Co.* v. *Moore & Co.* (1905), 124 Ga.
482, 52 S. E. 802. It follows, therefore, that the court
did not err in instructing the jury that, if they found
from the evidence that the acts of the express com-
pany in the carriage of the goods amounted to a con-

version, then such company thereby lost the benefit of the provisions and conditions contained in the contract of carriage requiring the shipper to give notice of his loss within a specified time, or to bring his action within a certain limited period. It further follows that the verdict of the jury is sustained by the evidence.

Judgment affirmed.