## Kec v. Kec.

[No. 11,415.    Filed January 2, 1923.]

1.   APPEAL.—*Review.*—*Pleadings in Divorce Action.*—*Sufficiency.* —*Presumptions.*—Where a divorce complaint and the affidavits of the residence of plaintiff and the nonresidence of defendant are not set out in the transcript, the court on appeal will presume that they were sufficient in substance and form.   p. 190.

2.   APPEAL.— *Review.*— *Summons and Return.*— *Absence from Record.*—*Jurisdiction.*—*Presumptions.*—Where defendant in an action for divorce entered her full appearance, and neither the summons nor the return showing service are set out in the transcript, the court on appeal will presume that they were sufficient to give the court jurisdiction over the person of defendant, as she has the burden of showing want of such jurisdiction; and where plaintiff filed with his complaint an affidavit of residence, which, being absent from the record, was presumably sufficient, the court had jurisdiction over the subject-matter.   p. 190.

3.  DIVORCE.—*Complaint.*—*Sufficiency.*—*Averment of Plaintiff's Residence.*—In an action for divorce, the allegation in the complaint that defendant made false charges against plaintiff in the vicinity where he resided for the last twenty-five years, in a named township in a named county in this state, *held* to inferentially state the residence of plaintiff in substantial compliance with the statute.  p. 190.

4.  DIVORCE.—*Overruling Demurrer to Complaint.*—*Trial on Merits.*—*Statutes.*—Where, in an action for divorce, the jurisdictional affidavit as to plaintiff's residence is filed, the court on appeal, where there has been a trial on the merits, may, in determining whether it was reversible error to overrule a demurrer to the complaint on the ground that plaintiff's residence was not sufficiently alleged, look to the entire record to see whether a correct result has been reached, and if so may, under §§350, 407 Burns 1914, §§345, 398 R. S. 1881, refuse to reverse a divorce decree, as in any other civil action in which the merits have been fairly determined.  p. 190.

5.  APPEAL.—*Review. — Evidence. — Sufficiency. — Contradicted Testimony.*—In determining the sufficiency of the evidence, the court on appeal cannot accept as true the testimony of one party, where that testimony is contradicted by the adverse party.  p. 191.

From Starke Circuit Court; *Robert E. Thompson,* Special Judge.

Action by Anton Kec against Anna Kec.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*William J. Reed,* for appellant.
*Harry C. Miller* and *Edward C. Higgins,* for appellee.

McMAHAN, J.—On April 11, 1921, appellee in term time filed his complaint asking for a divorce from appellant.  The record shows that at the time when this complaint was filed appellee also filed an affidavit of his residence and an affidavit of the nonresidence of appellant.  Neither the original complaint nor these affidavits are copied or set out in the transcript.  Summons was ordered by the court for service out of the state.  June 9, 1921 appellant entered a special appearance and filed

a motion to "quash the summons and service thereof" for the reason that appellee had not filed a "nonresident affidavit made by a disinterested party as required by law in divorce cases." The motion being overruled, appellant excepted. An amended complaint was subsequently filed, wherein it was alleged that the parties were married in 1893 and lived together as husband and wife until March, 1919, when they separated and since which time they had not lived together; that on March 15, 1919, appellant without cause abandoned appellee and so concealed her whereabouts that he could not find her; that such abandonment by appellant was for the purpose of a separation from appellee and had continued to the filing of such amended complaint; that in April, 1919, appellant filed her complaint for divorce from appellee on the ground of cruel treatment; that on the trial of said charge, the court found the facts specially to be that appellee had not treated appellant cruelly, and a decree was rendered denying appellant a divorce; that appellant had been guilty of cruel treatment of appellee in alleging certain facts in her said complaint for divorce, which allegations were malicious and untrue; that appellant, with knowledge of the falsity of such allegations, repeated such charges among the friends and neighbors of appellee with the intention to befoul his good name in the vicinity where he then and for the last twenty-five years had resided, namely, "in Wayne township, Starke county, Indiana;" that soon after filing said complaint in April, 1919, appellant left Indiana and took up her residence in Chicago, where she then resided; that he, appellee, had been a good and faithful husband and free from fault in reference to said separation.

To this amended complaint there was attached the affidavit of appellee stating that he had been a resident of Starke county, Indiana, continuously for more than

twenty-five years last past and during said time had resided and was then residing on a farm in Wayne township near North Judson in said county and that by occupation he was a farmer. There was also filed with and attached to this amended complaint an affidavit signed by appellee giving appellant's address as required by §1071 Burns 1914, §1036 R. S. 1881. Immediately following the filing of this amended complaint and affidavits appellant filed a demurrer for want of sufficient facts. The objections stated in the memorandum filed with the demurrer were: (1) That facts were not alleged showing appellee's residence during the time required by statute; (2) that facts were not alleged showing appellee was without fault; and (3) that the facts alleged did not show cruel treatment on the part of appellant. The demurrer being overruled, the court found the facts specially and concluded as a matter of law that appellee should be granted a divorce from appellant. Appellant filed a motion for a new trial, alleging a number of reasons why a new trial should be granted, the only reasons properly named being that the decision was not sustained by sufficient evidence and was contrary to law. This motion being overruled, judgment followed the conclusion and this appeal follows.

The errors assigned are that the court erred: (1) in overruling the motion to quash the summons and service thereof; (2) in overruling the demurrer to the amended complaint; (3) in each conclusion of law; (4) in overruling the motion for a new trial; and (5) that the court had no jurisdiction to try the cause.

In support of the first and fifth specifications in the assignment of errors, appellant says there was no affidavit of appellee or of a disinterested party to the effect that appellant was not a resident of this state. The record does not support appellant in this contention. It shows that when appellant filed his complaint he also

filed "affidavit of residence of plaintiff and affidavit of nonresidence of defendant."

Appellant, however, has failed to set out the original complaint and these affidavits in the transcript, and in their absence we must presume they were suffi-
1, 2. cient in substance and form. Appellant, upon the filing of the amended complaint, entered her full appearance, filed a demurrer thereto, and later filed an answer and an application for an allowance in which she stated under oath that she had been served with a summons. Neither the summons nor the return showing service being set out in the transcript on appeal, we will presume they were sufficient to give the court jurisdiction over the person of appellant as she has the burden of showing want of such jurisdiction. Without showing any defect in the affidavits referred to or in the summons and return, she entered her full appearance, which, under the condition of the record now before us, gave the court jurisdiction over her person. In view of the fact that appellee filed an affidavit of his residency when he filed his original complaint and that he also filed such affidavit with his amended complaint, we hold the court had jurisdiction over the subject-matter as well as over appellant and that no error is shown in the action of the court in overruling the motion to quash the service of summons.

While the amended complaint does not in direct words specifically allege that appellee resided in the county and state the requisite length of time to entitle him
3, 4. to a decree of divorce we are of the opinion that the allegation in relation to appellant repeating the false charges in the vicinity where appellee now and for the last past twenty-five years he has resided, namely, "in Wayne township, Starke county, Indiana," does inferentially so charge and is a substantial compliance with the statute. The overruling of a demurrer to an

insufficient complaint does not always amount to reversible error. Where the jurisdictional affidavit as to the plaintiff residence is filed, the court on appeal, where there has been a trial on the merits, may, in determining whether the overruling of a demurrer to a complaint is reversible error, look to the entire record to see whether a correct result has been reached and if so may, under §§350, 407 Burns 1914, §§345, 398 R. S. 1881, refuse to reverse a decree of divorce the same as it may refuse to reverse any other civil action where the merits of the cause have been fairly determined. The complaint sufficiently alleges that appellee was without fault, abandonment by appellant for more than two years, and the statutory residence of appellee. There was no reversible error in overruling the demurrer to the amended complaint. *Vulcan Iron, etc., Co.* v. *Electro, etc., Min. Co.* (1912), 54 Ind. App. 28, 99 N. E. 429, 100 N. E. 307; *Powell* v. *Powell* (1885), 104 Ind. 18, 3 N. E. 639.

The next contention is that the finding of the court is not sustained by sufficient evidence. Appellant, in discussing this contention, apparently does so upon 5. the theory that we should accept her testimony as being true and uncontradicted. This we cannot do since her testimony is contradicted by the testimony given by appellee. The trial court was in a better position to pass upon the credibility of the witnesses and the weight to be given to their testimony than we are. There is ample evidence to sustain the material allegations of the complaint, including abandonment and residence of appellee in the county and state during the time required by statute. There was no error in overruling the motion for a new trial. Having held the complaint good, and the court having found facts to support the material and necessary allegations of the complaint, it follows that the court was justified in concluding as

a matter of law that appellee was entitled to a divorce. The court, upon the facts found, did not err in the conclusion of law to which appellant excepted.

No reversible error appearing in the record, the judgment is affirmed