TAYLOR WASHING MACHINE COMPANY *v.* SCHMUESER ET AL., TRUSTEES.

[No. 15,963. Filed June 1, 1938.]

*Edwin J. Fitzgerald,* for appellant.

*Tinkham & Tinkham,* for appellees.

WOOD, J.—Appellees brought suit against appellant for possession of real estate and damages for the unlawful detention thereof. The issues on which the cause was tried consisted of an amended complaint in one paragraph, answered by a general denial. The cause was tried to a jury which returned a verdict in favor of the appellees. Judgment was rendered on the verdict, awarding possession of the real estate and damages for its unlawful detention to appellees. Appellant appeals assigning as errors for reversal: (1) error in overruling its motion to strike out portions of the

amended complaint; (2) error in overruling its motion to require the amended complaint to be made more specific; (3) error in overruling its motion to.quash the writ for possession; (4) error in overruling its demurrer to the amended complaint; (5) error in sustaining appellees' motion to strike out interrogatories submitted by appellant; (6) error in sustaining appellees' demurrer to appellant's second paragraph of answer; (7) error in overruling its motion for a judgment on the pleadings notwithstanding the verdict; (8) error in overruling its motion for a new trial; (9) error in overruling its motion in arrest of judgment.

It is apparent from an examination of the record that the appellant sought by various methods, to wit, by motion to make the amended complaint more specific, by motion to quash the writ for possession, by demurrer to appellees' amended complaint, by interrogatories propounded to appellees, by the second paragraph of answer, by a motion for a judgment on the pleadings notwithstanding the general verdict, by a motion in arrest of judgment, all of which were predicated upon substantially the same theory, to defeat appellees' right of recovery.

The appellant has waived consideration of its assignment of error number one. Because they embrace substantially the same question, we will consider assignments of error numbered 2, 3, 4, 5, 6, 7, and 9 together. This is an action by the landlord against the tenant for possession of real estate. The amended complaint alleged that the appellees, as trustees, were the owners in fee simple of certain real estate, that as such owners they rented said real estate to appellant as tenant pursuant to the terms of a certain written lease, that the term of the lease had expired, that the appellant refused to surrender possession of the premises to appellees and

was unlawfully retaining possession of the premises to their damage. In its various motions, demurrer, and second paragraph of answer, the appellant contended that in order to state a good cause of action, it was necessary for the appellees to allege in their amended complaint the terms and conditions of the instrument under which they held title to the real estate; that if other parties owned an interest in the real estate, they should be joined in the action, so the rights of all parties would be concluded by any judgment rendered; that since the appellees brought this suit as trustees, the terms of the trust should be alleged in the complaint, in order to show that the appellees had authority thereunder to bring the action; that the names of the *cestuis que trustent* should be set out in the complaint; that these names should be set out in order to give the appellant an opportunity to file set-offs against said *cestuis que trustent* if he so desired; that the appellees were not the real parties in interest. The interrogatories filed by appellant, which were stricken out on motion of the appellees, sought to elicit this information.

It is apparent from an examination of the various pleadings filed and interposed by appellant that it was endeavoring, by resorting to various methods, to deny appellees' title to the real estate which appellant was occupying and of which it at that time held possession as appellees' tenant. "It is a general rule, well settled by the decisions of our Supreme Court and this court, that a tenant is estopped while in possession of the lands to deny the landlord's title as that title existed at the time the lease was made." *Russell* v. *Trustees of Purdue University* (1931), 93 Ind. App. 242, 256, 178 N. E. 180, and authorities there cited.

Inasmuch as the appellant filed an answer in general denial, it was entitled to give in evidence every defense

to the action, whether legal or equitable, under such answer. Section 3-1308 Burns 1933, §941 Baldwin's 1934. It was not error to sustain the demurrer to appellant's second paragraph of answer.

The only causes alleged for a new trial and not expressly waived by appellant were that the verdict of the jury was not sustained by sufficient evidence and was contrary to law. To pass upon these two causes for a new trial would require an examination of the evidence. Appellant has failed to set out a condensed recital of the evidence in narrative form in its brief as required by Paragraph 5, Rule 21, of the Supreme and Appellate Courts, effective November 15, 1933; so there is no question presented for our consideration by appellant's assignment of error number eight.

For the purpose of determining whether or not the trial court committed any reversible error, prejudicial to or affecting the substantial rights of the appellant, we have examined the entire record. This examination is convincing that there was a fair trial of the cause on the merits and that a correct result was reached. No error has been presented which would justify a reversal of this judgment. Sections 2-1063, 2-1071, and 2-3221 Burns 1933, §§168, 175, 493 Baldwin's 1934; *Kec* v. *Kec* (1923), 79 Ind. App. 186, 137 N. E. 632; *Pittsburgh, etc., Rwy. Co.* v. *Rushton* (1929), 90 Ind. App. 227, 148 N. E. 337, 149 N. E. 652.

Judgment affirmed.