SHANK FIREPROOF WAREHOUSE COMPANY *v.* HARLAN

[No. 16,423.   Filed December 2, 1940.   Rehearing denied January 23, 1941.]

594

*James M. Ogden* and *Samuel E. Garrison,* both of Indianapolis; and *Cloe & Campbell,* of Noblesville, for appellant.

*Silas Lipman,* of Indianapolis; and *S. Lloyd Garrison,* of Noblesville, for appellee.

STEVENSON, J.—This action was brought by the appellee against the appellant to recover damages that resulted from certain transactions involved in the storage of the appellee's household furnishings with the appellant. Her complaint was in one paragraph and reads as follows:

"Plaintiff complains of defendant and says: That at all times mentioned herein, since and now, said defendant was a corporation duly organized and existing under and pursuant to the laws of the State of Indiana, and engaged in the City of Indianapolis, Marion County, Indiana, in the business of storing, warehousing, forwarding and shipping household goods and other personal property.

"That on or about the 1st day of July, 1936, said plaintiff and defendant entered into an agreement whereby and under which said defendant agreed to store at its warehouse or storage building at Indianapolis, Indiana, certain household goods and other personal property then and since owned by the plaintiff; and that on or about said date said defendant received from said plaintiff said personal property.

"That on or about the 17th day of September, 1936, without the authority or consent of said plaintiff, said defendant shipped or caused to be shipped and forwarded by freight all of the said household goods and personal property from Indianapolis, Indiana, to Los Angeles, California.

"That plaintiff has been compelled to pay, or has incurred, expenses and indebtedness of said unauthorized shipping and forwarding of said property from Indianapolis, Indiana, to Los Angeles, California, the sum of Three Hundred Twenty-Five Dollars ($325.00) and has incurred indebtedness in the sum of Three Hundred ($300.00) Dollars to

return said property from Los Angeles, California, to Indianapolis, Indiana.

"That by reason of the premises said plaintiff has been damaged in the sum of Six Hundred Twenty-Five ($625.00) Dollars.

"WHEREFORE, plaintiff prays judgment against said defendant in the sum of Seven Hundred Fifty ($750.00) Dollars, costs, and for all other further and proper relief."

To this complaint the appellant filed a motion to make more specific. In support of this motion, the appellant contends that the complaint seeks to recover for breach of contract and should therefore set out the terms and conditions of the contract, or a copy thereof if in writing, together with an averment as to the consideration for the agreement alleged to have been breached. The court overruled this motion and this ruling is the first error assigned on appeal.

The appellant then filed a demurrer to the complaint on the grounds that the complaint was insufficient in that no consideration was shown for the contract alleged to have been breached. The court overruled this demurrer and this ruling is the second error assigned and relied upon for reversal in this court.

An answer in general denial was then filed and the case was submitted to a jury for trial, which returned a verdict for the appellee in the sum of $500.00. Judgment was rendered upon the verdict, a motion for new trial was filed and overruled and this appeal has been perfected. The third error assigned is the overruling of the motion for new trial.

Under the first and second assignments of error the appellant contends that the complaint is upon the theory of a breach of contract, and that it was therefore necessary to plead the consideration supporting such contract. We cannot agree with

this contention. A reading of the complaint discloses that the act about which the appellee complains is the unauthorized shipping of the appellee's property to Los Angeles, California. She alleges that because of said "unauthorized shipping and forwarding of said property from Indianapolis, Indiana, to Los Angeles, California" she has been compelled to pay out and expend $625.00 to procure a return of said property to her possession. If this complaint contains sufficient facts to constitute an action in tort and is sufficient to advise the appellant of the precise nature of the charge he is called upon to meet and defend, then there was no error in overruling the motion to make this complaint more specific. *American Carloading Corporation* v. *Voight* (1939), 107 Ind. App. 267, 21 N. E. (2d) 453.

It clearly appears that the wrongful act about which the appellee complains is the unauthorized shipping of her property to Los Angeles, California. This wrongful act is sufficiently pleaded and we believe the appellant was in no way harmed by the refusal of the court to require the appellee to make her complaint more specific. No reversible error was committed in overruling such motion. *Baltimore & Ohio S. W. R. R. Co.* v. *Beach* (1930), 99 Ind. App. 672, 168 N. E. 204.

The demurrer addressed to the complaint raises the question as to whether or not such facts so pleaded are sufficient to constitute a cause of action in tort. It is our opinion that such question must be answered in the affirmative. This court has frequently had occasion to recite the elements which constitute conversion. "Conversion, as a tort, consists either in the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it, in exclu-

sion and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession, under a claim and title inconsistent with the owner's." *Prudential Ins. Co. v. Thatcher* (1937), 104 Ind. App. 14, 20, 4 N. E. (2d) 574. "The essence of every conversion is the wrongful invasion of the right to, and absolute dominion over," the property of another. *C. I. & L. R. R. Co.* v. *Pope* (1934), 99 Ind. App. 280, 188 N. E. 594.

Clearly, the acts involved in taking the appellee's household furnishings out of storage in Indianapolis, Indiana, and shipping them to Los Angeles, California, without the order or approval of the appellee, was the exercise of an unauthorized dominion and control over such property. This, in our opinion, amounts to a conversion. *Salvation Army* v. *Ellerbush* (1928), 87 Ind. App. 682, 161 N. E. 638.

The evidence in this case discloses that the appellant shipped the appellee's furniture to Berkins Van & Storage Company, Los Angeles, California, and notified the appellee that it was there. There was evidence from which the jury could find that this shipment was made without the authority, knowledge, or consent of the appellee. The reason for such shipment is not entirely clear but, as this court has said:

> "If after the goods were transported and stored, and while the appellant had toward them the relation of a warehouseman, they were delivered by the appellant to a wrong person through the appellant's negligence, it might be required to respond in damages as for a conversion to the owner who had delivered the goods for transportation to himself, either under or without special contract. Indeed, for such delivery to a wrong person, not upon compulsion by legal process, but voluntarily, though through mistake, either a common carrier or a warehouseman would be responsible as for conversion, without

regard to any question of negligence." *Cleveland, etc., R. Co.* v. *Wright* (1900), 25 Ind. App. 525, 528, 58 N. E. 559.

While these facts do not all appear in the complaint, yet we think the complaint in this case sufficiently informed the appellant of the wrongful act about which complaint is made and the additional facts to which we have referred were evidentiary in character and well-known to the appellant. Such acts amount to a conversion of the appellee's property. There was accordingly no error in overruling appellant's demurrer to the complaint.

The third error assigned is that the court erred in overruling the appellant's motion for new trial. Under this assignment the appellant contends that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, for the reason that there is no allegation in the complaint or evidence to support a consideration for the contract alleged to have been breached. As we have heretofore stated, it is our opinion that this complaint does not proceed upon the theory of breach of contract. It was therefore unnecessary to allege or prove a consideration for the contract of storage.

The appellant further contends that the damages assessed by the jury are excessive. This is a proper assignment of a reason in support of a motion for new trial in a tort action. The evidence discloses without contradiction that the appellee was compelled to pay and did pay $506.67 in order to regain possession of her property. Whether or not this amount included an item of $83.00 which the appellant contends was due it for crating and bringing the appellee's goods from New Castle to Indianapolis is not clear from the evidence. In the absence of a showing on the part of the appellant that this item was included

as a part of the amount laid out and expended by the appellee, we cannot say as a matter of law that the damages assessed by the jury in the amount of $500.00 are excessive.

Complaint is further made of the giving of certain instructions. In the light of what we have said, it is not necessary to again discuss each instruction about which complaint is made. Our attention is directed however to Instruction No. 2 as tendered by the plaintiff which was given by the court. This Instruction quoted §§ 67-101, 67-102, 67-105, and the last sentence in § 67-106, Burns' 1933, which statutes define generally the term "warehouseman" and set forth their duties and liabilities. The appellant contends that the giving of this instruction was error, first for the reason that such sections of the statute so quoted are repealed by the Uniform Warehouse Receipts Act, the same being §§ 67-401 to 67-460, inclusive, Burns' 1933, and for the further reason that such statute does not relate to any issue formed by the pleadings. It is our opinion that the sections of the statutes quoted in this instruction were not repealed by the Uniform Warehouse Receipts Act, as we find nothing inconsistent in the two acts sufficient to warrant repeal by implication. Since this instruction deals with the duties and responsibilites of a warehouseman and since the complaint alleged and the evidence established that the appellant was engaged in the business of a warehouseman and received the possession of appellee's household furnishings in such capacity the court was not in error in quoting the statute which defined the appellant's duties and responsibilities as such warehouseman.

Complaint is further made of the ruling of the court which admitted as evidence the testimony of certain

witnesses. These questions and answers and the objections thereto were not properly presented to the trial court in the motion for new trial and we cannot consider them here. "Before one can properly present such question for review the motion must set out, at least, the substance of the question asked, the objection made, the ruling thereon, and the answer given to the question in order that it may be determined as to whether harmful error exists without searching the record. Since this is not done here there is no need to discuss this further." *Bennett* v. *Wampler* (1937), 104 Ind. App. 173, 176, 8 N. E. (2d) 117.

No reversible error having been presented, the judgment of the trial court is affirmed.

NOTE.—Reported in 29 N. E. (2d) 1003.