RAGEAS *v.* HOHMAN-CLINTON REALTY CORPORATION

[No. 17,867. Filed October 31, 1949.]

*Stiles & Bayor*, of Gary, for appellant.

*Galvin, Galvin & Leeney,* of Hammond; and *J. Edward Barce,* of Kentland, for appellee.

BOWEN, C. J.—This is an appeal from a judgment rendered upon the verdict of a jury in an action to recover the possession of real estate and for damages. Issues were formed on appellee's complaint for possession and damages and on appellant's paragraph (1) of answer which admitted the corporate existence of appellee and denied all of the allegations of the complaint.

A demurrer was sustained by the court to appellant's second, third, fourth, fifth, sixth, and seventh paragraphs of answer. The jury found for the appellee on its complaint and that it was entitled to the immediate possession of the real estate described therein and $2,700 damages for its alleged unlawful detention and judgment rendered by the court upon its verdict.

Errors assigned for reversal are that the court erred in sustaining the demurrer of appellee to the second, third, fourth, fifth, sixth, and seventh paragraphs of appellant's answer, that the court erred in overruling appellant's motion for a new trial. The appellant in the paragraphs of answer to which a demurrer was sustained sought to set up certain affirmative defenses including the defense that the lease made by appellee corporation was in violation of an express prohibition in its articles of incorporation and that such action was *ultra vires* the charter and, therefore, unenforceable by the appellant.

All of the defenses which were set forth in the paragraphs of answer to which the demurrer was sustained were provable under the denial contained in the first paragraph of answer since this was an action for the possession of real estate, Burns' 1946 Replacement, § 3-1308; Rules of the Supreme Court, 1-3; *Taylor Washing Machine Co. v. Schmueser*

(1938), 105 Ind. App. 392, 15 N. E. 2d 116; *Epstein* v. *Greer* (1881), 78 Ind. 348; *Johnson et al.* v. *Greenen* (1934), 98 Ind. App. 612, 188 N. E. 796; *Riverside Coal Co. et al.* v. *North Indianapolis Cradle Works* (1924), 194 Ind. 176, 139 N. E. 674, 142 N. E. 377. Therefore, the appellant could in no event have been harmed by the action of the trial court in sustaining appellee's demurrer to its second, third, fourth, fifth, sixth, and seventh paragraphs of answer. Therefore, such independent assignment of error in the action of the trial court in sustaining appellee's demurrer was not reversible error.

Grounds of appellant's motion for a new trial in addition to the assignment that the court erred in sustaining appellee's demurrer to the second, third, fourth, fifth, sixth, and seventh paragraphs of answer are that the damages assessed by the jury are excessive; error in the assessment of recovery being too large, that the verdict is not sustained by sufficient evidence, that the verdict of the jury is contrary to law, and that the court erred in admitting certain evidence; that the court erred in excluding certain evidence offered by the appellant, and that the court erred in refusing to give each of the instructions numbered one, two, and three which were tendered by the appellant.

The appellant has failed to set forth in his motion for a new trial the objections to the evidence, the introduction of which he assigns as error. The appellant has also failed to set forth in his motion for a new trial the objection to the evidence offered by the appellant which was excluded. This evidence was appellant's Exhibit A and a copy of the Articles of Incorporation of appellee corporation. By reason of the fact that appellant's motion for a new trial does not include the objections to the evidence

that was admitted, and to the evidence which was excluded, it is wholly impossible for this court to properly consider such assigned errors.

By reason of the fact that there is no proper showing of error for the consideration of this court as to the exclusion of the appellant's Exhibit A and the copy of the Articles of Incorporation of appellee corporation, and since such evidence is not before the court, this court cannot consider appellant's contention that the lease was *ultra vires* and void, and therefore unenforceable.

Other assigned errors that the damages assessed by the jury were excessive and that there was error in the assessment and amount of recovery, and error in the refusal of the court to give instructions numbered one, two, and three, are waived by the failure of appellant to present and support such alleged claims of error in his Propositions, Points, and Authorities in his brief.

We find no reversible error, and the judgment, therefore, is affirmed.

Draper, J., not participating.

NOTE.—Reported in 88 N. E. 2d 255.