LOEHR *v.* MEUSER

[No. 18,007. Filed June 29, 1950. Rehearing denied September 27, 1950. Transfer denied November 17, 1950.]

632

Draper, J., not participating.

*George W. Hulbert* and *William I. Marlatt,* both of Gary, for appellant.

*Stiles & Bayor;* and *J. Edward Barce,* both of Gary, for appellee.

CRUMPACKER, J.—The appellee was a guest of the appellant in an automobile owned and driven by him when it skidded on ice covering the pavement and went into a ditch whereby the appellee suffered personal injuries for which he sued and recovered judgment in the sum of $5,000.

This appeal presents several questions which we will discuss in the order of their presentation. First, the appellant contends that the evidence is insufficient to warrant the jury in finding that his conduct in the operation of his car was wanton or willful and therefore the so-called "guest statute," pertaining to the operation of motor vehicles in Indiana, prohibits a recovery. Burns' 1940 Replacement, § 47-1021.

The facts most favorable to the appellee are substantially these. On the night of December 31, 1947, shortly before 11 o'clock p. m. the appellee, his wife Vera and one Betty Lloyd were seated in a restaurant in the city of Gary when they were approached by the appellant and invited to accompany him, in his automobile, to the Turkey Creek Country Club. The proposition was agreeable and they set forth with the appellant driving the automobile, Betty Lloyd seated at his right, and the appellee and wife in the rear seat. As

they proceeded south on Broadway the appellant gradually increased the speed of said automobile to such an extent that at 11th Avenue the appellee saw fit to caution him. He paid no heed and at 17th Avenue he ran through a red traffic light at ever increasing speed and was again cautioned and asked to slow down. There was a cold mist in the air which froze on contact with the pavement and when they reached 25th Avenue and Broadway the streets were a sheet of ice. The appellant was then driving at 58 to 60 miles per hour, as indicated by the speedometer, and when the car ran onto the ice he almost lost control of it. The appellee thereupon said, "You can either slow down or let us out." The appellant replied, "Oh, I am doing alright," and proceeded without slackening his speed notwithstanding, as one witness expressed it, "back end of the car was just dancing around on that ice." Just after they crossed the Little Calumet River bridge on Broadway the appellee saw three or four cars approximately 100 yards ahead of them that had been "piled up" in an accident and which completely blocked the west side of the street. At that time the appellant was not looking ahead but was engaged in conversation with Betty Lloyd. When his attention was called to the situation he "slammed on the brakes," the car went into a skid and slid 60 or 70 feet sidewise along the street into a car involved in the aforesaid accident and then shot across the street, over the curb on the east side thereof, across the sidewalk and down a nine foot embankment where it came to rest right side up.

To constitute "wanton or willful misconduct," as used in our automobile guest statute, it must appear that the driver of the automobile is conscious of his conduct, and with an appreciation of existing conditions knows that his conduct, if persisted in, will probably result in injury to his guest

and yet, with reckless indifference to consequences, he consciously or intentionally persists in such conduct and as the result thereof his guest is injured. *Lee Brothers* v. *Jones* (1944), 114 Ind. App. 688, 54 N. E. 2d 108; *Bedwell* v. *DeBolt* (1943), 221 Ind. 600, 50 N. E. 2d 875. It is difficult to imagine a set of facts that more precisely meet the requirements of the above definition than do those of the present case. The appellant seems to feel that because he did everything in his power to avert the accident after he discovered its imminence, his conduct cannot be characterized as willful or wanton. That, however, is not the test. The question should be determined by a consideration of his whole course of conduct leading up to the accident and the inquiry will not be confined to occurrences at the immediate time and place thereof. *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 46 N. E. 2d 836.

It is next urged that damages in the sum of $5,000 are excessive and were prompted largely through prejudice against the appellant because he was a married man and was out on New Year's Eve with a woman who was not his wife. If such facts prejudiced the jury we are unable to say that such prejudice is reflected in the verdict. When the appellant's car pitched over the embankment above mentioned the appellee's head came in contact with the back portion of the front seat with such violence that his nose was torn from his face to the extent that it could be lifted up and one could see into his throat through the nasal pharynx. By reason of the proximity of the injury to his brain his nose was repaired without a general anesthetic. He was strapped to an operating table while this was done and suffered intense pain during the process. He was hospitalized six days and since the accident has developed a tic in the muscles of his eyelids which causes a constant

blinking of the eyes accompanied by a dilation of the nostrils. His eyes water excessively and he suffers frequent severe headaches which have grown steadily worse since the accident. By reason of his physical condition he lost 66 days work in the first 18 months after the accident and the jury might reasonably have inferred, from the gradual worsening of his condition with the passage of time, that his periodic incapacity for work would occur indefinitely. His doctor bill was $300. We can find no prejudice in the verdict nor can we say, in these days of high prices and cheap money, that the $5,000 awarded the appellee represents anything more than monetary compensation for the injuries suffered.

During the course of the trial the appellant offered in evidence a written and signed statement executed by the appellee and alleged to contain admissions against his interests. Upon the appellee's objection the court rejected the document. The appellant insists that this was error but an examination of the record discloses that the objections to the exhibit are not set out in his motion for a new trial. Both this and the Supreme Court have repeatedly held that under these circumstances no question as to such assigned error is presented to us. *Rageas* v. *Hohman-Clinton Realty Co.* (1949), 119 Ind. App. 426, 88 N. E. 2d 255; *Shank Fireproof Warehouse Co.* v. *Harlan* (1940), 108 Ind. App. 592, 29 N. E. 2d 1003; *Bennett* v. *Wampler* (1937), 104 Ind. App. 173, 8 N. E. 2d 117; *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. 2d 267; *The First National Bank of Cambridge City* v. *Colter* (1878), 61 Ind. 153; *Greer* v. *State* (1929), 201 Ind. 386, 168 N. E. 581; *Eva* v. *State* (1932), 203 Ind. 340, 180 N. E. 183; *Vaughn Building Company* v. *State of Indiana* (1933), 97 Ind. App. 556, 185 N. E. 656.

After the above exhibit had been rejected the appellant sought to prove its contents by parol evidence which the court refused to permit. Here also the motion for a new trial fails to set out the objections to the procedure and, under the above authorities, we have no question before us.

Complaint is next made of the conduct of appellee's counsel in commenting on the appellant's marital status in his summation to the jury. In order that the misconduct of counsel in argument may be presented on appeal, the matter constituting such misconduct, the objections and motions of the injured party and the court's rulings thereon must be brought into the record by a bill of exceptions. *Ramseyer, Exr.* v. *Dennis* (1918), 187 Ind. 420, 116 N. E. 417, 119 N. E. 716; *McPherson* v. *State* (1912), 178 Ind. 583, 99 N. E. 984; *Cotner* v. *State* (1909), 173 Ind. 168, 89 N. E. 847; *Perry* v. *State ex rel. Snyder* (1917), 63 Ind. App. 653, 115 N. E. 59. Our sole information as to alleged misconduct of counsel is derived from allegations or assertions in the appellant's motion for a new trial. This is not sufficient as such matters cannot be shown in that manner. *Heath* v. *State* (1910), 173 Ind. 296, 90 N. E. 310.

Concerning the question of damages the court instructed the jury as follows:

"If you find for the plaintiff on the allegations of this complaint, and if you further find from a fair preponderance of all the evidence that the plaintiff has sustained injuries as alleged in his complaint and has sustained said injuries as a sole, direct and proximate result of the wrongful acts, if any, by the defendant as alleged in the complaint, then it will be your duty to assess the damages, if any, that he has hereby sustained. In making such assessment of actual damages, in the event you find plaintiff has thus sustained injuries, it is proper for you to take into consideration the

character of the plaintiff's injuries and whether they are temporary or permanent. It is also proper in such event for you to consider the physical pain, if any, which plaintiff may have endured from the time of such injury up to the present time, and also the physical pain and suffering which he is reasonably certain to endure in the future, if any. It is also proper in such event for you to consider the decrease, if any, in his physical ability to work and earn a living during the remainder of his life from the time of the alleged injury forward.

"Each of the elements of damage which I have stated to you that you may consider must be the sole, direct and proximate result of said injuries in order to be a proper element of damages. From a consideration of these matters, if any, you will assess plaintiff's actual damages in such a sum as will, in your judgment, fairly and adequately compensate him for such elements of damages, if any, which you may find he has received as a sole, direct and proximate result of defendant's alleged wrongful acts, as aforesaid, not to exceed the amount prayed for in the prayer of the complaint."

The appellant objected to this instruction on the ground that, if given, it would permit the jury to return a verdict based on elements of damage concerning which there is no evidence. While we do not agree that the instruction is altogether open to such objection, it will be noted that the court, in enumerating the various elements of damage the jury might consider in reaching its verdict, uses the words "if any" in connection with each. Concerning a similar instruction the Supreme Court said: "Where, as in this case, the jury is instructed that it may allow compensation for expenses, *if any*, necessarily incurred by the plaintiff in attempting to effect a cure of his injuries, the charge, in effect, prohibits such allowance unless said expenses and their amounts are shown by the evidence and the presumption is that the jury so

understood the instructions." (Our emphasis) *Indianapolis Traction Co.* v. *Hensley* (1917), 186 Ind. 479, 115 N. E. 934, 117 N. E. 854.

> We are urged to consider other objections to this instruction but they are not included in those made to the trial court and Rule 1-7 makes them unavailable.

Judgment affirmed.

Draper, J., not participating.

NOTE.—Reported in 93 N. E. 2d 363.