HARVEY, BY NEXT FRIEND, ETC. *v.* JOHNSON SCHOOL TOWNSHIP AND CLINTON COUNTY ET AL., ETC.

[No. 18,425. Filed February 9, 1954. Rehearing denied March 31, 1954. Transfer denied June 18, 1954.]

*Neal & Neal* and *Garrison & Castor,* all of Noblesville, for appellant.

*Christian & Waltz,* of Noblesville, *Bell & Bell,* of Indianapolis, and *Robison & Robison,* of Frankfort, for appellee.

KELLEY, J.—Appellant, William Lee Harvey, by his next friend, brought action against appellees to recover damages for his personal injuries allegedly sustained by reason of appellees' negligence. Trial by jury. The jury was directed to return a verdict for all the appellees, except appellee, Cedric T. Wise. Verdict and judgment for appellees, including said Cedric T. Wise.

The only assignment of error not expressly waived by appellant is the overruling of his motion for new trial which contained four specifications of error.

Specification 1 is that the verdict of the jury is not sustained by sufficient evidence. No question is presented by this specification. The verdict was negative and appellant, having the onus, cannot thus attack it. *Wilson, Admrx.* v. *Rollings, et al.* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905. The motion contains no assignment that the verdict is contrary to law.

Specification 2 charges error in "sustaining the objection of the defendant" to admission in evidence of

certain x-rays offered as appellant's Exhibit 1. This specification does not set forth the objection made to the offered exhibit or the ruling of the court thereon. *Loehr* v. *Meuser* (1950), 120 Ind. App. 630, 635, 93 N. E. 2d 363; *Rageas* v. *Hohman-Clinton Realty Co.* (1949), 119 Ind. App. 426, 429, 88 N. E. 2d 255. The alleged error is directed at the sustaining of defendant's objection to the offered evidence. It did not assign error in excluding the offer. Flanagan, Wiltrout and Hamilton, §1812, Comment 8, §1977. *Sunnyside Coal & Coke Co.* v. *Rietz* (1896), 14 Ind. App. 478, 493, 39 N. E. 541. Further, the record discloses that plaintiff's Exhibit 1 was not x-rays, but was identified as a medical record. No error is presented by this specification.

Specification 3 sets forth that "the court erred in giving to the jury, at the request of the defendant, instructions numbered 10, 11 and 12 and that the court erred in giving each of said instructions, separately and severally, and to the giving, plaintiff at the time excepted." Specification 4 charges that the court erred in refusing to give appellant's requested instructions numbered 1, 2, 4, 7, 8 and 9. Said instruction 7 is the only one discussed by appellant in his brief and any error in refusing to give the other designated instructions is deemed waived.

We have made a very thorough, painstaking, and careful search and examination of the entire record before us in this appeal, including the evidence, and are convinced that this cause was fully and fairly tried on the merits, and that a right and just conclusion was arrived at by the jury, in its verdict herein, which was approved by the court. In fact, had an opposite verdict been reached by the jury upon the evidence disclosed by this record, under the instruc-

tions which were given purporting to state the correct legal principles applicable to the liability of the appellees upon the theory stated in appellant's complaint, it would have been our inescapable duty to reverse a consistent judgment rendered thereon because of the insufficiency of the evidence to sustain such verdict and that the same was contrary to law.

In view of our determination, any error of the court in the giving or refusing to give said instructions is of no consequence and would not serve to change or alter the result we have reached.

Judgment affirmed.

## ON PETITION FOR REHEARING

KELLEY, J.—Appellant's petition for a rehearing urges that since we did not pass upon specified errors as to each of the referred to instructions, we failed to discharge our duty of discussing all alleged errors properly presented, and that, therefore, we contravened a ruling precedent of the Supreme Court.

We do not so regard the matter. Appellant apparently did not grasp the full import of our opinion. We think it clear that appellant did not allege or prove a cause of action against Cedric T. Wise, the only remaining appellee, under and according to the principles of law pertaining and applicable to the establishment of liability of public school officials, teachers, and agents. The only reviewable assignment of error by appellant was the overruling of his motion for a new trial and it contained no specification that the verdict was contrary to law. Thus we were under no duty to examine the evidence to determine whether appellant was denied relief to which the evidence showed him to be entitled.

However, to assure that there had not been a failure of justice, we did review the whole record, as stated in our opinion. Under the circumstances, there appeared no need or requirement for a discussion of the instructions, since any error with reference thereto was harmless.

The petition for rehearing is denied.

NOTE.—Reported in 117 N. E. 2d 279. Rehearing denied 118 N. E. 2d 375.